**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:12-cr-00115-MR-WCM**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )     **O R D E R** |
| | ) |
| | ) |
| **LARRY JAY HAWKINS,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 68],

which the Court construes as a motion for jail credit.

The Defendant moves the Court to give him sentencing credit for the

time that the Defendant spent in jail awaiting sentencing in this case.  [Doc.

68].  The Defendant's motion must be denied.  The Attorney General, not the

sentencing court, is responsible for computing a prisoner's credit.  United

States v. Wilson, 503 U.S. 329, 335 (1992).  A prisoner seeking review of

the computation of his sentence credit must first seek administrative review

of that computation through the Bureau of Prisons.  Only after such

administrative remedies have been exhausted can a prisoner then seek

judicial review of his sentence computation.  Id.  Further, because "[a] claim

for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement.  In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons.  Once his BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 68], which the Court construes as a motion for jail credit, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**   Signed: June 17, 2020

Martin Reidinger
Chief United States District Judge

2